# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D.H. GRIFFIN WRECKING COMPANY, INC.**<br><br>versus<br><br>**1031 CANAL DEVELOPMENT, LLC** | CIVIL ACTION NO.<br><br>SECTION<br><br>MAGISTRATE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

D.H. Griffin Wrecking Company, Inc., through undersigned counsel, respectfully files this Complaint for Declaratory Judgment against 1031 Canal Development, LLC as follows:

## PARTIES

1.

Plaintiff, D.H. Griffin Wrecking Company, Inc. ("D.H. Griffin"), is a North Carolina corporation with its domicile and principal place of business in Greensboro, North Carolina. D.H. Griffin is licensed to do and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

2.

Defendant, 1031 Canal Development, LLC ("1031 Canal"), is a limited liability company organized under the laws of Delaware, with a principal place of business in Louisiana. The sole member of 1031 Canal is 1031 Canal Mezzanine, LLC ("1031 Mezzanine"), which is a limited liability company organized under the laws of Delaware. None of the members of 1031 Mezzanine are citizens of North Carolina.

## JURISDICTION AND VENUE

3.

This is a matter brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, as it involves a case of actual controversy, and D.H. Griffin requests that the Court declare the rights and other legal relations between it and Defendant 1031 Canal.

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff, D.H. Griffin, is a citizen of North Carolina. None of the members of Defendant, 1031 Canal, are citizens of North Carolina. The amount in controversy exceeds $75,000, exclusive of interests and costs.

5.

Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Louisiana.

## RELEVANT FACTUAL BACKGROUND

6.

Defendant 1031 Canal is the owner of a project to construct a Hard Rock Hotel at 1031 Canal Street, New Orleans, Louisiana (the "Hard Rock Project").

7.

On October 12, 2019, the Hard Rock Hotel being constructed by 1031 Canal partially collapsed, causing the death of three people, with countless others being injured.

8.

In the collapse, two tower cranes used in the construction were severely damaged and in danger of falling, constituting a threat to both life and property.

9.

On October 18, 2019, the Governor of Louisiana, John Bel Edwards, issued a Proclamation (No. 161 JBE 2019) declaring a state of emergency, ordering that the two damaged cranes from the building collapse be brought down immediately for the safety and welfare of the inhabitants of the affected area.

10.

On October 18, 2019, the State of Louisiana engaged D.H. Griffin and Lemoine Disaster Recovery, L.L.C. ("Lemoine") to demolish the two construction cranes under an Emergency Public Works Agreement for a lump sum price of Five Million Dollars ($5,000,000.00). Under this Emergency Public Works Agreement, D.H. Griffin and Lemoine were given immunity and complete indemnity by the State against claims for personal injury, death, and property damage arising out of the crane demolition.

11.

Upon information and belief, the State of Louisiana entered into a separate agreement with 1031 Canal and Citadel Builders, LLC, the project's general contractor, to fund the demolition cost. D.H. Griffin is not a party to that agreement.

12.

The tower cranes were successfully demolished with explosives on Sunday, October 20, 2019.

13.

Subsequently, discussions were conducted between D.H. Griffin and 1031 Canal relative to the demolition of the Hard Rock Hotel building. When the parties were unable to agree on a price for the work, D.H. Griffin left the project site and 1031 Canal pursued other options for demolition.

14.

After at least two demolition plans offered by 1031 Canal were deemed unacceptable by the City of New Orleans, D.H. Griffin was contacted by Richard Lafayette, a representative of 1031 Canal's builders risk insurer, about possibly becoming involved again in the demolition of the Hard Rock Hotel building.

15.

In mid-January, D.H. Griffin met with Mr. Lafayette, engineers retained by the builders risk insurer, and representatives of 1031 Canal to discuss the business terms and conditions under which D.H. Griffin, 1031 Canal, and 1031 Canal's insurer would agree relative to D.H. Griffin undertaking the demolition of the Hard Rock Hotel building. These business terms and conditions were memorialized in a "Binding Memorandum of Understanding of Demolition (Project)" signed by D.H. Griffin and 1031 Canal ("Memorandum of Understanding").

16.

The Memorandum of Understanding provided that the parties would enter negotiations regarding demolition services to be provided by D.H. Griffin to 1031 Canal for the Hard Rock Hotel building through implosion. A true and correct copy of the Memorandum of Understanding is attached as Exhibit 1.

17.

Specifically, Paragraph 4, regarding insurance and indemnity, provides that D.H. Griffin will provide $50 million of liability insurance dedicated to the Hard Rock Hotel building demolition. Ex. 1, p. 2. It also provides that D.H. Griffin would agree to indemnify 1031 Canal to the extent of the type and limits of the agreed upon insurance. *Id.*

18.

Paragraph 4h of the Memorandum of Understanding provides that: "Any indemnity and/or immunity offered by any government agency for work occurring after January 14, 2020 shall be extended to the Owner Entities." *Id.* This paragraph underscores one of the foundational premises for D.H. Griffin to re-engage on the project – *i.e.*, that D.H. Griffin expected to receive immunity and complete indemnity by the State similar to that received in the contract for the crane demolition.

19.

Paragraph 9a of the Memorandum of Understanding provides that "All services briefly described [therein] shall be formalized in a good faith negotiation within the seven (7) days." *Id.* at p. 3.

20.

Following the execution of the Memorandum of Understanding, D.H. Griffin and 1031 Canal continued discussions and continued efforts to obtain, among other things, indemnity from the State and insurance for the Hard Rock demolition. The parties, however, were not able to come to an agreement on key terms, such as these. No formal agreement was executed within seven (7) days of the execution of the Memorandum of Understanding, that is, on or before January 21, 2020.

21.

Furthermore, on January 30, 2020, the State announced it would not provide indemnity to D.H. Griffin, which was a foundational premise of D.H. Griffin engaging to do the demolition work, as contemplated by the Memorandum of Understanding.

22.

Subsequently, acquiring project specific insurance became exceedingly difficult, and the insurance that was available carried a steep price. As of March 16, 2020, D.H. Griffin had only been able to obtain commitments for $22 million of insurance at a premium cost of over $5 million.

23.

Notwithstanding the fact that no formal agreement was or has been entered between the parties, on March 25, 2020, counsel for 1031 Canal wrote counsel for D.H. Griffin stating, among other things, "1031 cannot agree to any insurance coverage *less than the agreed amount of $50,000,000*; and 1031 cannot agree to an increased contract price particularly given Berkshire Hathaway's refusal to fund any additional amount. If you will agree to providing the $50,000,000 of coverage and to not increasing the contract amount, we can move forward. Otherwise, we cannot agree to your proposed terms."

24.

Notwithstanding the fact that no formal agreement was or has been entered between the parties, on March 28, 2020, counsel for 1031 Canal sent a Cease and Desist Letter to counsel for D.H. Griffin, alleging that D.H. Griffin breached its obligations under the Memorandum of Understanding.

25.

The Memorandum of Understanding is not a binding contract. The Memorandum of Understanding represents a term sheet of "hoped for" contract terms, which is confirmed by Paragraph 9a, which contemplates a formal contract to be negotiated in good faith within seven (7) days, which time period expired months ago. Ex. 1, p. 3. No contract was ever agreed to or executed by D.H. Griffin and 1031 Canal within the seven (7) days following the execution of the Memorandum of Understanding.

## CAUSE OF ACTION

## COUNT ONE – DECLARATORY JUDGMENT

26.

D.H. Griffin contests and disputes the enforceability of the Memorandum of Understanding, which 1031 Canal threatens to enforce in its Cease and Desist Letter.

27.

The Memorandum of Understanding is not a valid and enforceable contract under Louisiana law, and D.H. Griffin is entitled to a declaratory judgment that it cannot be held liable for breach of a non-existent contract.

28.

1031 Canal is not entitled to recover damages arising from the breach of a non-existent contract, and D.H. Griffin is entitled to a declaratory judgment so stating.

## JURY DEMAND

29.

D.H. Griffin requests a jury trial.

## PRAYER FOR RELIEF

30.

Based on the foregoing, a present case in controversy exists between D.H. Griffin and 1031 Canal. As such, D.H. Griffin is seeking a determination of the validity and the enforceability of the Memorandum of Understanding under Louisiana law and 1031 Canal's entitlement to claim damages for breach of contract. D.H. Griffin seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

31.

Specifically, D.H. Griffin seeks a judgment declaring that the Memorandum of Understanding is unenforceable, invalid, and is not a binding contract under Louisiana Law.

32.

D.H. Griffin also seeks a judgment declaring that 1031 Canal has no entitlement to claim damages for the alleged breach of the Memorandum of Understanding because it is unenforceable, invalid, and is not a binding contract under Louisiana Law.

33.

D.H. Griffin also prays for recovery of costs and all general and equitable relief.

34.

This Complaint is being filed with full reservation of all rights and claims that D.H. Griffin has or may have in the future, and with the right to assert additional claims and relief in an amended and/or supplemental Complaint.

**WHEREFORE**, Plaintiff, D.H. Griffin Wrecking Company, Inc. ("D.H. Griffin"), prays that this Complaint be granted and that a declaratory judgment be issued and entered by this Honorable Court declaring and ordering the rights of D.H. Griffin in accordance with Paragraphs 31-32 above.

Respectfully submitted,

*s/ Allison B. Kingsmill*
RICHARD J. TYLER, T.A. (La Bar No. 1155)
ALLISON B. KINGSMILL (La Bar No. 36532)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8266
Fax: (504) 589-8266
Email: rtyler@joneswalker.com
        akingsmill@joneswalker.com

*Counsel for D.H. Griffin Wrecking Company., Inc.*