UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| D. H. GRIFFIN WRECKING COMPANY, INC. | CIVIL ACTION NO. 20-cv-01051 |
| | SECTION "L" (3) |
| versus | JUDGE ELDON E. FALLON |
| 1031 CANAL DEVELOPMENT, LLC | MAGISTRATE JUDGE DANA M. DOUGLAS |
| | JURY TRIAL DEMANDED |

**REPLY MEMORANDUM OF D. H. GRIFFIN WRECKING COMPANY, INC. IN SUPPORT OF MOTION TO DISMISS AMENDED TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS CLAIM BY 1031 CANAL DEVELOPMENT, LLC**

1031's Opposition argues, in direct conflict with precedent, that alleged temporary interference is actionable when a party exercises influence over a third party "to deter them from doing business with the plaintiff," and despite ongoing relations between the plaintiff and the third party. This argument turns on its head the "actual prevention" element of a tortious interference with business relations claim, and is based on a misunderstanding of the Fifth Circuit's decision in *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir. 1981), and the Louisiana Supreme Court's decision in *Graham v. St. Charles S. R. Co.*, 18 So. 707 (1895). Furthermore, although 1031 argues that influencing a third party to deter it from doing business is a "critical factor" in its temporary interference claim, the United States Fifth Circuit explicitly rejected this theory last year in *Caldwell Wholesale Co., L.L.C. v. R J Reynolds Tobacco Co.*, 781 F. App'x 289, 297 (5th Cir. 2019).

    I.    **1031's Arguments Cannot Be Accepted in Light of the Actual Prevention Requirement**

1031 relies on the Fifth Circuit's 1981 decision in *Dussouy v. Gulf Coast Investment Corp.*, and its citation of the 1895 Louisiana Supreme Court decision in *Graham v. St. Charles Street*

*Railroad Co.*, to try and support its temporary interference claim based on an arbitrary timeframe. Louisiana and Federal precedent demonstrate that 1031's argument does not accord with the law.

This Court has held, and 1031 has admitted, that 1031 must allege and be able to prove D.H. Griffin actually prevented 1031 from dealing with the City of New Orleans and Kolb Grading, LLC ("Kolb").[1] This is correct, as the U.S. Fifth Circuit, this Court, and Louisiana courts have similarly held **"[i]t is not enough to allege that a defendant's actions affected plaintiff's business interests; the plaintiff must allege that the defendant actually prevented the plaintiff from dealing with a third party**." *Whitney Bank v. SMI Cos. Glob.*, 949 F.3d 196, 207 (5th Cir. 2020); *B & S Equip. Co. v. Cent. States Underwater Contracting, Inc.*, 2020 U.S. Dist. LEXIS 71236, at *10 (E.D. La. Apr. 23, 2020); *Markovich v. Villere*, 2017-1739 (La. App. 1 Cir. 02/28/19); 273 So. 3d 333, 345; *Taxicab Ins. Store, LLC v. Am. Serv. Ins. Co.*, 2017-0004 (La. App. 4 Cir. 07/12/17); 224 So. 3d 451, 461; *Bogues v. La. Energy Consultants, Inc.*, 46434 (La. App. 2 Cir. 08/10/11); 71 So. 3d 1128, 1135 (emphasis added).  1031 simultaneously argues, in direct contravention of this legal requirement, that it can assert a tortious interference claim based on an arbitrary one-month period, when it admittedly was able to engage in all of its desired contracting, permitting, and other dealings with the City of New Orleans and Kolb.  Looking at nothing more than 1031's own arguments and the law, 1031 has not alleged it was "actually prevented" from dealing with the City of New Orleans or Kolb.  1031's reliance on *Dussouy* and *Graham* does nothing to change this.

*Dussouy* merely held, based on *Graham*, that a tortious interference with business relations claim exists under Louisiana law, and that conspiracy with another party is not an element of the claim.  660 F.2d at 601.  It did not address the requirement that the plaintiff actually be

---

[1] ECF 54 at 13 (Order and Reasons); ECF 87 at 7.

prevented from dealing with a third party. *Id.*

*Graham* similarly does not support 1031's novel theory. It involved a claim by a grocery store owner near the station house of the defendant railroad company, that the defendant injured it by keeping employees of the railroad company from shopping at the plaintiff's grocery store. *Graham*, 18 So. at 707. The Louisiana Supreme Court held "[t]he ground of . . . liability is that from motives of ill will, by words and conduct, he injured plaintiff's business, by **preventing** the employees from buying at [the plaintiff's] store." 18 So. at 708 (emphasis added). Actual prevention is the basis of the Louisiana Supreme Court's ruling. *Id.* 1031 seeks to escape this by focusing on witness testimony mentioned in the opinion, stating that one means of preventing the plaintiff from doing business with the defendant's employees was that the defendant "raised the rent of premises he leased to one of the employees who dealt with [the plaintiff]." *Id.* Contrary to 1031's argument, this does not show that interference can occur, "despite ongoing business relations."[2] It merely shows one method used by the defendant to prevent the employees from doing business with the plaintiff. As stated by the opinion, raising the rent on an employee who did business with the plaintiff was one of the means for prevention, not the reason for liability. The "ground of . . . liability" was "**preventing** the employees from buying at [the plaintiff's] store," as required by the "actual prevention" element of the claim. *Id.* (emphasis added).

This is confirmed by the Fifth Circuit's recent opinion in *Caldwell Wholesale Co., L.L.C. v. R J Reynolds Tobacco Co.*, 781 F. App'x 289, 297 (5th Cir. 2019). *Caldwell Wholesale* addressed a claim by Caldwell, a cigarette wholesaler, that tobacco product manufacturer R J Reynolds tortuously interfered with its business by not letting Caldwell participate in a price reduction program, thereby deterring existing and future customers from doing business with

---

[2] ECF 87 at 11.

{N4104842.1} 3

Caldwell. 781 F. App'x at 290-91, 297. The Fifth Circuit found the district court properly dismissed the claim, holding "Caldwell merely alleges that the consequence of RJR's conduct is to *deter* Caldwell's existing customers, as well as potential future customers, from doing business with Caldwell. Caldwell has not alleged any facts that indicate RJR prevented, or attempted to prevent, Caldwell's prior, current, or prospective retail customers from purchasing from Caldwell." *Id* (emphasis in original). 1031's argument that D.H. Griffin "deterred the City and Kolb from working with 1031 Canal" must similarly be denied.[3] *Id.*

## II.     1031's Other Arguments Need Not Be Addressed

1031's Opposition also argues its allegations plausibly show D.H. Griffin exercised "controlling influence" over the City of New Orleans with regard to decisions involving the Building's demolition, but that 1031 "was able ultimately to overcome" this controlling influence.[4] The Court can see without D.H. Griffin's assistance that this defies logic. Similarly, D.H. Griffin need not demonstrate again how allegations of lobbying by D.H. Griffin to conduct the demolition do not plausibly claim that D.H. Griffin was able to exercise control over the City of New Orleans' decision-making. The Court can see without D.H. Griffin's assistance that this is not plausible, because it requires the connection of a logical gap for which there is no factual bridge.

Ignoring its own allegations to the contrary and without substantively addressing the cases on point, 1031 also argues that it has plausibly alleged malice. The Court can see without D.H. Griffin's assistance that 1031's own allegations, viewed in conjunction with precedent on the subject, demonstrate 1031 has not plausibly pled actual malice.

1031's Opposition refers fifteen times to its "information and belief" and what it

---

[3] ECF 87 at 12.
[4] ECF 87 at 16, 16 n. 2.

"believes," relying solely on implausible and unsupported allegations.[5] The Court can see without D.H. Griffin's assistance that many of the alleged "factual underpinnings" for its allegations are not facts at all, but further "information and belief," and that 1031 fails to set forth a factual basis for its information and belief.

1031's failure to plausibly plead each element of its tortious interference with business relations claim is fatal, and the claim should be dismissed.

Dated: October 28, 2020

Respectfully submitted,

RICHARD J. TYLER, T.A. (La Bar No. 1155)
ALLISON B. KINGSMILL (La Bar No. 36532)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170
Telephone: (504) 582-8266
Fax: (504) 589-8266
Email: rtyler@joneswalker.com
        akingsmill@joneswalker.com

*s/ F. Gibbons Addison*
F. Gibbons Addison (La. Bar No. 35426)
Jones Walker LLP
445 North Blvd., Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2000
Fax: (225) 248-3160
Email: gaddison@joneswalker.com
*Counsel for D. H. Griffin Wrecking Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October 2020, I filed the foregoing pleading via the court's CM/ECF system, through which this pleading has been served upon counsel of record.

*s/ F. Gibbons Addison*

---

[5] ECF 87 at 2, 3, 4, 5, 7, 8, 9, 13, 14, 15, 17.